UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BOBBY LEE PARKS, SR.** <br> **LA. DOC #332119** <br> VS. | **CIVIL ACTION NO. 5:14-cv-1085** <br><br> **SECTION P** <br><br> **JUDGE ELIZABETH E. FOOTE** |
| **POLICE DEPARTMENT OF** <br> **STONEWALL, LOUISIANA** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Bobby Lee Parks, Sr., proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 2, 2014; thereafter, on June 6, 2014, he filed a pro se petition for writ of *mandamus* pursuant to 28 U.S.C. §1361.  Plaintiff is an inmate in the custody of the Caddo Parish Sheriff. He is incarcerated at the Caddo Corrections Center and charged with illegal possession of stolen property and parole violation.  In both pleadings plaintiff contends that he was arrested by the Stonewall Police Department and the Probation and Parole Dept. on February 10, 2014. He claims that the Police Dept. Failed to file the charges for a period of 60 days. In the original complaint he prayed for compensatory damages; in the subsequent petition he prayed for an order directing the Caddo Parish Sheriff Office or the Court "... to release, disclose discovery..."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that his civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and that the petition for *mandamus* be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief my be granted.

*Background*

According to plaintiff, the Stonewall Police Department issued arrest warrants for the plaintiff. Then, on February 10, 2014, he was arrested on those warrants by Louisiana Probation and Parole officers along with deputies of the Caddo Parish Sheriff's Office. Thereafter plaintiff "tried to retain counsel" but claims that he was thwarted because "Desoto Parish has never in 60 days place the charges in their system..." According to plaintiff, the attorneys he contacted could not help him since there were no charges in the system from February 10 until April 11. As a result, according to plaintiff, he has lost his job, his home, and his children. In his original complaint he prayed for an unspecified amount of compensatory damages.

Thereafter plaintiff filed a "Petition for a Writ of *Mandamus* Pursuant to 28 U.S.C. Section 1361." He asks the Court to order the Caddo Parish Court and the Sheriff "... to release defendant or disclose charge or discover pursuant to 28 U.S.C. Section 1361..." In this pleading plaintiff alleged that on February 7, 2014 the Stonewall Police Department issued five arrest warrants; then, on February 10, 2014 Probation and Parole Officers along with Caddo Parish Sheriff's Deputies executed these warrants and placed him under arrest. On the same date "Probation and Parole placed a charge of illegal possession of stolen things because of lack of investigation by Stonewall Police Dept., defendant was incarcerated for 60 plus days without any charges showing in Desoto Parish Clerk of Court." According to plaintiff, attorneys Keene, Florence, Denny and Jones along with others continued to contact the Desoto Parish Clerk of Court and were advised that no charges were "in the system" from February 10 until April 11 or 12. (Apparently the charges were filed "in the system" in April.)

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Civil Rights Complaint [Doc. 1]*

Plaintiff seeks redress pursuant to 42 U.S.C. §1983. In order to successfully maintain a civil action arising under 42 U.S.C. §1983, a prisoner-plaintiff must allege facts showing that (1) the defendant deprived him of a right secured by the Constitution and the laws of the United States, and (2) the defendant was acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct.

2250, 101 L.Ed.2d 40 (1988). Plaintiff has alleged no facts demonstrating the deprivation of a right secured by the Constitution and laws of the United States. He indicates that he was arrested on warrants issued by the Stonewall Police Department; however, he did not allege that he was falsely arrested or falsely confined or that the on-going prosecution is unlawful. Indeed the only fault alleged in his complaint is that a period of 60 days elapsed from the date of his arrest until charges were filed in the Clerk of Court's office.

Further, plaintiff named a single defendant – the Stonewall Police Department. However, the Stonewall Police Department is not a legal entity capable of being sued in federal court, so all claims against it must also be dismissed. *See Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir.1991)*, Evans v. City of Homer*, 2007 WL 2710792 (W.D.La.2007); *Martin v. Davis*, 2007 WL 763653 (E.D.La.2007) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued.").

In short, the claims raised in plaintiff's original complaint are frivolous.

### 3. Petition for Mandamus [Doc. 4]

Title 28 U.S.C. §1361, cited by petitioner as authority to pursue this action, states "The district courts shall have original jurisdiction of any action in the nature of *mandamus* to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Plaintiff asks the Court "... to issue an order to Caddo Parish Court to release defendant or disclose charge or discover..." He also asks the Court to issue a similar order to the Caddo Parish Sheriff's Office. As noted above, the federal *mandamus* statute is clear – only federal officers, employees, or agencies can be subject to the *mandamus* authority of the federal courts. As noted in the jurisprudence interpreting

the statue – "... a federal district court is not authorized to grant relief in the nature of *mandamus* relief to direct state officials in the performance of their duties and functions." *See Emerson v. Owens*, 472 Fed. Appx. 308 (5th Cir. 2012), citing, *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir.1973); see also *Nabelek v. Collins*, 48 Fed.Appx. 104 (5th Cir.2002).  In other words, with regard to his petition for *mandamus*,  plaintiff fails to state a claim for which relief is available.

Further, to the extent that plaintiff, a pre-trial detainee,  seeks release from custody, such claims are cognizable under the general *habeas corpus* statute, 28 U.S.C. §2241. However, *habeas* relief is available only if the detainee can establish that he is in custody in violation of the Constitution and laws of the United States and, as noted above, plaintiff has made no such showing. Further, even if plaintiff could make such a showing, he would be required to exhaust available state court remedies prior to seeking federal *habeas* relief.  *Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d 298 (5th Cir. 1982) at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint [Doc. 1] be **DISMISSED WITH PREJUDICE** as frivolous and that his petition for mandamus [Doc. 4] be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, June 24, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**